UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES LEE DEWEY, III, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-529-PPS-JEM |
| ELEY, | |
| Defendant. | |

OPINION AND ORDER

Charles Lee Dewey, III, a prisoner without a lawyer, filed a complaint, alleging that an officer at the Allen County Jail retaliated against him after he reported the officer for not taking him to his attorney visit on time. [ECF 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewey explains that on September 12, 2024, Officer Eley brought him late to his attorney visit, so Dewey reported him. The next day, Dewey received the wrong lunch tray, one that didn't comply with his medical diet. Officer Eley took the tray and told him he would come back with a proper tray, but he never returned. Dewey believes this

was done in retaliation for his reporting of Eley. Dewey says he is now scared to report officers for fear that they won't feed him or will deny him a medically appropriate tray.

To proceed on a claim for retaliation under the First Amendment, Dewey must plausibly allege "(1) that he engaged in protected First Amendment activity; (2) that an adverse action was taken against him, and (3) that his protected conduct was at least a factor that motivated the adverse action." *Adams v. Reagle*, 91 F.4th 880, 887 (7th Cir. 2024). I will assume at the pleading stage that Dewey's act of reporting Officer Eley is protected First Amendment activity and that the report was a motivating factor in Officer Eley's actions the next day. But Dewey's claim falters on the remaining factor because withholding lunch one day does not constitute an adverse action for purposes of a First Amendment retaliation claim.

An adverse action is one that "would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citation omitted). And context matters, as "the harsh realities of a prison environment affect [a court's] consideration of what actions are sufficiently adverse. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse." *Holleman v. Zatecky*, 951 F.3d 873, 880–81 (7th Cir. 2020) (citation omitted). "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Douglas*, 964 F.3d at 647

2

(quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). "This is an objective standard; it does not hinge on the personal experience of the plaintiff." *Holleman*, 951 F.3d at 880.

Dewey didn't file this complaint until three months after the alleged act of retaliation had passed. And yet, in those three months, the only act of retaliation Officer Eley is alleged to have done is to withhold Dewey's lunch *on one occasion*. This one incident is insufficient to deter a person of ordinary firmness from continuing to participate in First Amendment activity.

This complaint does not state a claim for which relief can be granted. If Dewey believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Charles Lee Dewey, III until **May 30, 2025**, to file an amended complaint; and

(2) CAUTIONS Charles Lee Dewey, III if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

3

SO ORDERED on April 28, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT