UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES LEE DEWEY, III, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-529-PPS-JEM |
| ELEY, | |
| Defendant. | |

## OPINION AND ORDER

Charles Lee Dewey, III, a prisoner without a lawyer, filed an amended complaint about an officer at the Allen County Jail denying him a constitutionally adequate diet. [ECF 10.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewey alleges that on September 12, 2024, Officer Eley delivered him late to his attorney visit, which meant Dewey didn't have enough time to discuss everything he needed to with her. Dewey reported Officer Eley for this. The next day, Officer Eley served lunch and did not give Dewey his medical diet tray. The

officer said that he would be back with Dewey's food but never returned. This resulted in Dewey not eating lunch that day. Dewey continues that after this incident, Officer Eley denied him his prescribed diet trays on more than a dozen occasions and threatened him with disciplinary segregation if Dewey reported him. Dewey said he was dissuaded from further First Amendment activity because he was scared of not being fed and of being sent to segregation if he were to report Officer Eley. Dewey alleges Officer Eley was retaliating against him for grievances he filed about missing his attorney visit and about not being fed.[1] He alleges that Officer Eley did not start denying him his medical diet until *after* Dewey reported him. After that point, Dewey alleges Officer Eley denied him food on more than a dozen occasions.

To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (internal quotation marks and citation omitted). The second prong applies an objective standard, inquiring whether the alleged deprivation would likely deter "a person of ordinary firmness" from continuing to engage in protected activity. *Surita*

---

[1] Dewey attached some of his grievances to the original complaint he filed. [ECF 1-1.] I will direct the clerk to attach those exhibits to the amended complaint.

2

*v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011). Dewey has plausibly alleged a claim against Officer Eley for retaliation in violation of the First Amendment.

Dewey also wants to assert a Fourteenth Amendment claim against Officer Eley for denying him an adequate diet based on all the times Officer Eley did noy bring him his medical tray. He alleges Officer Eley was aware of his need for a medical diet, was aware of the risks to Dewey's health by giving him no food or medically inadequate food, and yet chose to deny him this food on more than a dozen occasions. Dewey alleges this caused severe weight loss, bloody stool, depression, headaches, and stress.

Dewey seeks to proceed under the Fourteenth Amendment, the constitutional provision applicable to pretrial detainees. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). However, public records reflect that Dewey's status changed from pretrial detainee to convicted prisoner on September 6, 2024, when he was sentenced on one of his criminal cases. *See State v. Dewey*, No. 02D05-2012-F1-000024 (Allen Super. Ct. decided Sept. 6, 2024) (sentenced on September 6, 2024). Dewey alleges his troubles with Officer Eley began on September 12, 2024, after he had already been sentenced. Therefore, Eighth Amendment standards apply here.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*,

3

511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (quotation marks and citation omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference means that "the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up).

"Prisoners have a right to adequate food, but not to food that is tasty or even appetizing." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004) (internal citations omitted). The Seventh Circuit has previously held "complaints about cold and poorly-prepared food" does not "offend contemporary standards of decency" and therefore does not meet the objective prong of an Eighth Amendment claim. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994). However, Dewey's complaints go beyond simply poorly prepared food to allege that Officer Eley either did not

4

bring him food at all or failed to correct errors in the food that Dewey received. Dewey plausibly alleges that it happened with enough frequency that I can infer Officer Eley is responsible for denying Dewey a constitutionally inadequate diet in violation of the Eighth Amendment.

For these reasons, the court:

(1) DIRECTS the clerk to attach the exhibits from the original complaint [ECF 1-1] as exhibits to the amended complaint [ECF 10];

(2) GRANTS Charles Lee Dewey, III leave to proceed against Allen County Jail Officer Eley in his individual capacity for compensatory and punitive damages for withholding medically appropriate food on dozens of occasions, starting after September 12, 2024, in retaliation for reports and grievances Dewey filed about Officer Eley in violation of the First Amendment;

(3) GRANTS Charles Lee Dewey, III leave to proceed against Allen County Jail Officer Eley in his individual capacity for compensatory and punitive damages for denying him a constitutionally adequate diet by withholding medically appropriate food on dozens of occasions, starting after September 12, 2024, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means

5

to locate and serve process on) Officer Eley at the Allen County Jail, with a copy of this order and the complaint (ECF 10);

(5) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Eley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 11, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT